IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE JETT,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. POSTAL SERVICE,<br><br>    Defendant. | Case No.: C11-5078 JSC<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE** |

In this case, Plaintiff alleges that Defendant denied her a reasonable work accommodation, thereby discriminating against her on the basis of a disability. On November 15, 2011, the Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed her complaint with leave to amend because the record demonstrated that Plaintiff already litigated these same claims in <u>Jett v. Potter et al.</u>, Case No. 08-4290 (N.D. Cal.)[1].

In the previous case, Plaintiff's complaint was dismissed with leave to amend as the court determined that Plaintiff failed to exhaust her administrative remedies." (08-4290, Dkt. No. 5 at 3.) The decision noted that before bringing a federal employment discrimination claim . . . a plaintiff must first exhaust his or her administrative remedies." (08-4290, Dkt. No.

---

[1] The Plaintiff has consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 6.)

5 at 2.) This requirement includes compliance with any applicable regulations of the EEOC governing when and how complaints must be made." Id. In particular, Plaintiff had to seek EEO counseling within 45 days of the effective date of the action." Id. The court found that Plaintiff's "action" date was the date of her termination on February 10, 2006, but Plaintiff did not contact an EEO representative until December 14, 2007. Id. at 3. Since over a year passed between Plaintiff's termination and Plaintiff's outreach to EEO, Plaintiff failed to comply with the aforementioned 45-day requirement, and Plaintiff did not present "persuasive argument or evidence warranting an extension of time." Id. When Plaintiff's amended complaint did not cure the defect by, for example, presenting the court with persuasive evidence as to why Plaintiff did not comply with the 45-day requirement, the court dismissed Plaintiff's complaint with prejudice. (08-4290, Dkt. No. 8.) Plaintiff's initial motion to reopen the case and an amended motion to reopen the case were both denied. (08-4290, Dkt. Nos. 24, 26.)

Based on the foregoing, this Court concluded that Plaintiff's current complaint was already litigated in Case No. 08-4290 and dismissed this case with leave to amend. (Dkt. No. 7.) Plaintiff was directed to file an amended complaint only if she could show that the claims presented in this action are not the same claims that were already brought in the 2008 case; in other words, that she is challenging a different termination of employment. On December 15, 2011, Plaintiff filed an amended complaint which alleges the same wrongful termination claims as the original complaint. (Dkt. No. 9.) Plaintiff argues she did exhaust her administrative remedies prior to filing the previous suit and provides lengthy documentation that presumably speaks to the merits of her underlying claims. Plaintiff does not, however, allege a new termination of employment. Essentially, Plaintiff asks this Court to reject the factual finding in Case No. 08-4290 that Plaintiff did not exhaust her administrative remedies and to reconsider the earlier decision on that basis. The Court will not do so as Plaintiff's claims are barred by issue preclusion. See Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988) (stating that "the doctrine of issue preclusion prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding")

(quoting <u>Segal v. American Tel. & Tel. Co.</u>, 606 F.2d 842, 845 (9th Cir. 1979)). As Plaintiff did not amend her complaint to challenge an employment termination not already litigated, this action is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: January 3, 2012

*Jacqueline S. Corley*
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE